WHITCHER & AL. *v.* TOWN OF LANDAFF.

Where, upon a petition to lay out a highway, the county commissioners report against it upon the merits, and there is judgment upon the report, it was held that another petition for the same highway at the expiration of two years, ought not to be referred to the county commissioners, if it was made to appear by testimony laid before the court, that there was no change of circumstances, but that the case was substantially the same; and that in such case the petition ought to be dismissed.

PETITION for a new highway in said Landaff.

The petition is for the laying out of a highway which was discontinued by judgment of the court, at the March Term, 1866. The hearing before the county commissioners, who reported in favor of said discontinuance, was had in the month of September, 1865, and the present petition is dated the 15th day of January, 1868.

At this term the petitioners move that the petition be referred to the county commissioners. The town of Landaff objects to such reference, and offer in support of said objection, affidavits of John C. Atwood, Horace N. Foster, and Amasa Soule, tending to show that, since said discontinuance, no changes have occurred increasing the demand or occasion for said highway, but that, on the contrary, a change of circumstances has since occurred materially diminishing whatever demand or occasion may have existed for said highway at the time of said discontinuance, and setting forth the nature and effect of such alleged changes, which affidavits were taken *ex parte*, and may be referred to at the hearing by either party.

The petitioners object to the consideration of said affidavits; and in case it shall be held by the court that they may be received, the right is reserved to the petitioners to offer evidence to rebut, and to the town, to sustain them, but such new evidence is to be taken with notice.

*Felton*, for plaintiffs.

As our authority, which we regard as conclusive in our favor, we ask the attention of the court to *Howard's Petition*, 28 N. H. 157, 159, 160. Evidence was taken, in that case, upon the question "whether there had been any change of circumstances since the acceptance of the report discontinuing the road;" but the court held that, after the lapse of two years, there was a presumption that "a new cause had arisen,"

and they ordered that the whole matter be submitted to the commissioners for their decision.

We would also call the attention of the court to *Haywood* v. *Bath*, 38 N. H. 179, 183, 184, 185, 186.

There have been no repeated applications for the laying out of the road in controversy, from which any attempt to vex the town of Landaff can be inferred.

On the question of discontinuing the old road the commissioners were not unanimous.

*H. Hibbard*, for defendant.

*Howard's Petition*, 28 N. H. 157, was upon a different state of facts from those appearing here. There was, in that case, no offer of testimony showing a change of circumstances which diminished the occasion for the proposed road. Here testimony showing such a change was offered, and no presumption of a case that should go to the commissioners, as in *Howard's Petition*, can arise.

Having been so recently tried and determined upon its merits, it comes within the principle suggested in *Bath's Petition*, 22 N. H. 576 ; *Strafford's Petition*, 14 N. H. 30 ; and should be dismissed by the court in the exercise of a legal discretion, as *res adjudicata; vide*, also, *Greathead* v. *Brownley*, 7 T. R. 455 ; *Schuman* v. *Weatherhead*, 1 East 537.

Bellows, J. The report discontinuing the road was upon a hearing in September, 1865, and judgment March Term, 1866. The present petition is dated January 15, 1868, to the March Term, 1868 ; and the question is, whether, after this lapse of time, it is to be conclusively presumed that a new case exists so far as to make it proper to send it to the county commissioners, or whether the court will consider such evidence as the parties may offer upon the point of change of circumstances.

In respect to petitions for leave to discontinue a highway it is provided by rule of court that where the road has not been made, the commissioners shall be directed to report whether any change of circumstances in any manner affecting the expediency of laying the highway has occurred since the same was laid out, so that the same is no longer necessary, and should be discontinued by reason of such change of circumstances ; and it is well settled that if no such change of circumstances has taken place the highway ought not to be discontinued ; *Petition of Goffstown*, 43 N. H. 199 ; *Petition of Marlborough*, 46 N. H. 494 ; and this upon the ground that the question to be tried would be substantially the same as the one already adjudicated by the former board of commissioners.

On the other hand, if the merits of the application to discontinue a highway have been repeatedly passed upon, the court may, in its discretion, refuse to send a further application to the county commissioners, and dismiss the proceeding, upon the ground that it is vexatious, unless

evidence of such a change of circumstances as makes a different case is offered. *Petitions of Boscawen and Canterbury*, 33 N. H. 422 ; and such seems to have been the doctrine in the *Petition of Strafford*, 14 N. H. 30. This is put upon the ground, by *Bell, J.*, in the *Petitions of Boscawen and Canterbury*, that any objection which in this court would furnish good cause to enjoin the proceedings as vexatious, would be good cause to dismiss a vexatious petition ; and it seems very clear that if the court has a discretion in these cases, it may properly govern the exercise of that discretion by analogy to proceedings at common law, and refuse to entertain an application based upon the same state of facts which on a previous and similar application had passed into judgment, and which ought to be regarded as conclusive. *Greathead v. Bromley*, 7 T. R. 455, and *Schuman* v. *Weatherhead*, 1 East 537.

This rule of court above referred to does not, in its terms, apply to cases of applications to lay out highways, neither does it furnish the authority for dismissing an application without referring it to the county commissioners. That stands upon general principles, and we see no reason why the same discretion should not be exercised in respect to applications to lay out highways, as well as to discontinue them. If the merits of such an application have been determined, a new application immediately made without any change of circumstances obviously calls merely for a revision of the former adjudication—for a new trial of the same matter ; and upon the principles already adverted to, such application ought at once to be dismissed ; and we think the principle would be the same whether the former adjudication was upon a petition to lay out or to discontinue a highway ; because in both cases the questions are substantially the same, and the bearing of the decisions upon the exercise of discretion would be the same.

In the case of *Howard's Petition*, 28 N. H. 157, which was a petition to lay out a highway within about two years after it had been discontinued, the court assumes that the principles which apply to petitions to discontinue a highway, apply to that case, but hold that two years having elapsed since the discontinuance, the presumption would be that there was a case that should go to the road commissioners, and that the court ought not to interfere to divert it from its ordinary course, leaving the commissioners to decide whether there has been any such change of circumstances as to justify the laying out of the road.

This case is much like the one before us in its main features ; both were applications to lay out a road, entered in court about two years after the discontinuance of each. In *Howard's Petition* evidence was taken by both parties upon the question whether there had been a change of circumstances ; but the court held it to be unnecessary to examine it, holding that such change was to be presumed from the lapse of time.

In the case before us, the town offered to introduce evidence that there had been no change of circumstances, and this is the main difference between this case and *Howard's Petition;* and the great question is whether the presumption of change of circumstances arising from lapse

of time may be controlled by positive testimony, so far as to prevent a reference of the petition, or not.

It will be observed that in respect to application to lay out a highway, there is no rule of court requiring the commissioners to report whether there has been a change of circumstances, and therefore there would be greater occasion for the exercise of the discretion of the court before sending the application to the commissioners than in proceedings for the *discontinuance* of a highway ; and as the motion is addressed to the discretion of the court, we think it would not be judicious to reject the aid which might be derived from direct evidence in respect to a change of circumstances.

It is obvious that even after the lapse of two years there may have been no change affecting the occasion for the proposed way, and that therefore the attempt is merely to revise the decision of the former board of commissioners. If no evidence is offered it may be presumed from the lapse of two years that a new and different case exists ; but if upon the evidence offered it is made to appear that the case is the same, it would be a proper exercise of discretion to dismiss the application upon the ground that the same matter was already adjudicated. If the court, upon all the evidence before it, can see clearly that no new case has arisen, the proceedings ought to be arrested without the expense of a trial before the commissioners, and we are unable to perceive any serious objection to the reception of direct evidence as to change of circumstances. Evidence of this kind is constantly received to show such change, and for aught we can see, it is equally proper to admit such evidence to prove that no such change has taken place even after the lapse of two years.

In both cases the object is to ascertain whether a new case really exists, or whether the purpose is merely to revise the previous adjudication, and in both cases the lapse of time since such adjudication, whether short or long, would be taken into consideration ; but in neither case ought it ordinarily to be considered as decisive, but rather as one element affecting the discretion of the court.

We are aware that in the case of *Howard's Petition*, there is some ground for an inference that the court regarded the direct evidence after the lapse of two years as inadmissible ; but the report is not explicit on that point, and it is by no means clear that the court intended to go further than to hold that after the lapse of two years it was to be presumed, *prima facie,* that a new case existed.

Nor do we think it necessary that there should have been repeated adjudications against the laying out of a road to justify the dismissal of a subsequent petition ; but it is enough if the court can see that there has already been one valid judgment upon the same matter. The case of *Greathead* v. *Bromley,* 7 T. R. 455, before cited, was an application under the statute to set aside a bond and warrant of attorney for securing an annuity, on the ground that certain requisites of the statute had not been complied with ; but the application was refused upon the ground that a previous application had been refused upon its merits, although different objections were urged, the court holding that it could not better

govern its discretion than by analogy to the proceedings at common law. The same doctrine was held in *Schuman* v. *Weatherhead*, 1 East 537 ; see, also, *Divoll* v. *Atwood*, 41 N. H. 443, and cases cited ; and *Clagget* v. *Simes,* 25 N. H. 402.

Upon these views we are of the opinion that ·the evidence suggested in the case ought to be received and considered.

*Case discharged.*